**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

NICHOLAS MATEO
THOMPSON SUBIDO

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

No.  2:16-CV-0079-TLN-DMC

ORDER

      Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgement was entered on February 13, 2018.  See ECF No. 34.  Pending before the Court is Plaintiff's counsel's motion for an award of attorney's fees in the amount of $8,599.62 under 42 U.S.C. § 406(b).  See ECF No. 41.  Plaintiff was provided notice of counsel's motion and has not filed any response thereto.

/ / /

/ / /

/ / /

/ / /

1

# I. PROCEDURAL HISTORY

Plaintiff's representation in this case was provided by way of an October 27, 2016, contingent fee agreement whereby Plaintiff agreed to pay counsel: (1) 25% of any benefits awarded at or prior to a first administrative hearing, or $6,000.00, whichever is smaller; (2) 25% of any benefits awarded upon reversal of an unfavorable administrative decision for work before the agency; and (3) 25% of past-due benefits awarded upon reversal of an unfavorable administrative decision for work before the court. See ECF No. 42-1, pg. 1. Plaintiff initiated this action for judicial review of an unfavorable administrative decision on January 13, 2016. See ECF No. 1. Following briefing on the merits, the matter was remanded on February 13, 2018, for further administrative proceedings. See ECF No. 34. Pursuant to the stipulation of the parties, Plaintiff was awarded $4,000.00 in attorney's fees and costs under the Equal Access to Justice Act (EAJA), payable to Plaintiff less any offsets to be determined by the government. See ECF No. 37. On March 11, 2019, the Commissioner provided notice of benefits awarded pursuant to a fully favorable decision. See ECF No. 41-2, pgs. 1-14. In this notice, the Commissioner informed Plaintiff that $8,599.62 had been withheld from past-due benefits awarded, constituting 25% of the total $34,398.48 in past-due benefits awarded. See Id. The notice also indicated an amount of $6,000.00 "Due to Attorney." Id. Plaintiff's counsel states the Commissioner has already paid him $6,000.00 of the 5% withheld. See ECF No. 41, pg. 6.

# II. DISCUSSION

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). No other fee may be payable or certified for such representation except as allowed in this provision. See id.

/ / /

/ / /

1    A remand constitutes a "favorable judgment" under § 406(b).  See Shalala v.

2  Schaefer, 509 U.S. 292, 300-01 (1993).  While the Ninth Circuit has not directly addressed the

3  issue, all other circuits to address the issue have concluded that the district court is authorized to

4  award fees under § 406(b) when it remands for further proceedings and, following remand, the

5  claimant is awarded past-due benefits.  See Garcia v. Astrue, 500 F. Supp. 2d 1239, 1243 (C.D.

6  Cal. 2007).  Limiting § 406(b) awards to cases in which the district court itself awards past-due

7  benefits would discourage counsel from requesting a remand where it is appropriate.  See Bergen

8  v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

9    The 25 percent statutory maximum fee is not an automatic entitlement, and the

10  court must ensure that the fee actually requested is reasonable.  See Gisbrecht v. Barnhart, 535

11  U.S. 789, 808-09 (2002).  "Within the 25 percent boundary . . . the attorney for the successful

12  claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  "In

13  determining the reasonableness of fees sought, the district court must respect 'the primacy of

14  lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then

15  testing it for reasonableness.'"  Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting

16  Gisbrecht, 535 U.S. at 793 and 808).

17    The Supreme Court has identified five factors that may be considered in

18  determining whether a fee award under a contingent-fee agreement is unreasonable and therefore

19  subject to reduction by the court.  See Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S.

20  at 808).  Those factors are: (1) the character of the representation; (2) the results achieved by the

21  representative; (3) whether the attorney engaged in dilatory conduct in order to increase the

22  accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the

23  amount of time counsel spent on the case; and (5) the attorney's record of hours worked and

24  counsel's regular hourly billing charge for non-contingent cases.  See id.

25    Finally, an award of fees under § 406(b) is offset by any prior award of attorney's

26  fees granted under the Equal Access to Justice Act.  See Gisbrecht, 535 U.S. at 796.

27  / / /

28  / / /

3

1    The Commissioner has filed a response to Plaintiff's counsel's motion.  Other than

2    noting counsel's failure to serve Plaintiff – a procedural defect counsel has cured – this filing

3    amounts to nothing more than a recitation of applicable caselaw and contains nothing in the way

4    of analysis specific to this case.  In particular, the Commissioner's response does not set forth any

5    reasons why the Court should deny, in whole or in part, counsel's motion, other than the now-

6    cured procedural defect.  The Court, therefore, considers Plaintiff's counsel's motion as

7    unopposed.  In this case, having considered the factors above, the Court finds Plaintiff's counsel's

8    request reasonable given the fee agreement with Plaintiff, the results achieved, and the lack of any

9    evidence of dilatory conduct designed to increase past-due benefits.  In making this finding, the

10   Court notes that the Commissioner stipulated to an award of $4,000.00 under the EAJA, which

11   Plaintiff's counsel appropriately asks be ordered to offset any award requested in the current

12   motion.

13   Counsel contends – and the Court agrees – that he should be awarded a total

14   amount under § 406(b) of $8,599.62, representing 25% of total past-due benefits awarded

15   pursuant to the contingency fee agreement with Plaintiff.  Counsel also states that he has already

16   been paid $6,000.00 by the Commissioner.  In the Court's view, this represents a partial payment

17   by the Commissioner of the total due under § 406(b).  Thus, counsel is owed an additional

18   $2,599.62 from the Commissioner.  To the extent counsel has been holding $6,000.00 aside for

19   Plaintiff in a client trust account, he need no longer do so.  Counsel shall be required to reimburse

20   Plaintiff the $4,000.00 counsel has already been paid under the EAJA.

21   The Court declines to adopt Plaintiff's counsel's suggestion that the Commissioner

22   be ordered to pay amounts directly to Plaintiff.  The mechanism by which the agency withholds

23   funds from an award of past-due benefits contemplates that the Commissioner pay counsel

24   directly in an amount authorized by the Court.  The Court finds no reason to inject Plaintiff

25   further into any additional administrative payment process.  Ultimately, the process ordered

26   below accomplishes the same net payments to counsel and Plaintiff.  It merely puts the onus of

27   resolving any issues with the agency on counsel, and removes the agency from any dispute

28   between counsel and his client concerning fees.

4

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's counsel's motion, ECF No. 41, is granted and counsel is awarded fees pursuant to 42 U.S.C. § 406(b) in the amount of $8,599.62;

2.      The Commissioner of Social Security shall pay to Plaintiff's counsel the amount of $2,599.62, such amount reflecting $6,000.00 already paid to counsel by the Commissioner out of total past-due benefits awarded to Plaintiff and previously withheld, to the extent such benefits have not already been paid to Plaintiff; and

3.      Counsel shall reimburse to Plaintiff $4,000.00 previously paid to counsel under the EAJA.


Dated:  August 31, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE